Nolan v. Ill. Automobile Ins. Exchange, 219 Ill. App. 531.

The record contains no reversible error and the judgment rendered in the circuit court is affirmed.

*Affirmed.*

**Clarence Nolan, by Martin Nolan, Defendant in Error, v. Illinois Automobile Insurance Exchange, Plaintiff in Error.**

1. APPEAL AND ERROR, § 426*—*when ruling of court in sustaining demurrer is preserved.* Where a demurrer to a special plea was sustained, and the defendant did not plead over, the ruling of the court was preserved for review although no express election to abide by the plea was made, and the record failed to show such election.

2. INDEMNITY, § 16*—*when actual payment of loss sustained is not required.* Under an insurance policy insuring "against loss or expense arising or resulting from lawful claims upon the assured for damages" by reason of the operation of the described automobile, it was not necessary that the insured, in an action against the insurance company to recover the amount of a judgment rendered against him as the result of injuries sustained by a third party in a collision with plaintiff's automobile, should have actually paid or satisfied the judgment against him before bringing suit against the insurance company.

Error to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

LIVINGSTON & WHITMORE, for plaintiff in error.

DAVID ALLISON, for defendant in error.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Illinois Automobile Insurance Exchange, an associa-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion of Bloomington, Illinois, on May 27, 1918, issued a policy of insurance to Clarence Nolan. The policy provides that the plaintiff in error agrees to insure and indemnify Clarence Nolan "against loss or expense arising or resulting from lawful claims upon the assured for damages" by reason of the operation of the automobile described, including the defense and cost of suit on account of injury suffered by any person as a result of an accident, in a sum not to exceed $5,000.

The declaration avers that while the policy was in force and on October 3, 1918, Ernest Miller brought an action against the defendant in error, Clarence Nolan, and recovered a judgment against him for $800 and cost of suit, amounting to $27.10, on account of an automobile driven by defendant in error having collided with a horse and buggy driven by Ernest Miller whereby Miller was injured. Plaintiff in error filed a third special plea to the declaration averring, in such plea, that Clarence Nolan had not paid or satisfied the judgment mentioned or any part thereof; that he had suffered no loss or expense under the terms of the policy; that he was insolvent and had no property out of which said judgment could be satisfied, and that an execution remained in the sheriff's hands with no levy made on any property. To this plea a demurrer was sustained. The ruling of the court in sustaining the demurrer, denying a motion in arrest of judgment, and in entering judgment against the plaintiff in error for $827.10 are the only errors assigned on the record. The only point argued is that the contract of indemnity sued on is not a contract of indemnity against liability, but is a contract of indemnity against loss and expense of such liability. It is insisted that no right of action accrues until after Clarence Nolan pays Ernest Miller the judgment recovered and that Nolan has no right to recover $827.10 from plaintiff in error until he (Nolan) has paid such judgment.

It is urged, by defendant in error, that the matter has not been saved for review. When the demurrer to the third plea was sustained it was not necessary that the plaintiff in error should make an express election to abide by the plea and have the record show such an election. The judgment on the demurrer was a final judgment as to that plea unless the court, in the exercise of its discretion, permitted an amendment or granted leave to plead over. *Hamlin v. Reynolds,* 22 Ill. 207, 209. While the matter is not presented in a lucid style, still from an examination of the record we find that no leave was given to plead over and no pleas were filed subsequent to the ruling on the demurrer. It is true that there is some confusion in the record and that it shows a third amended plea, but this plea was on file prior to the ruling on the demurrer to the third special plea. The confusion is caused by having two pleas, one of which is denominated a third *special* plea and the other a third *amended* plea. They are distinct pleas and neither was filed in lieu of the other. Inasmuch as the plaintiff in error did not plead over, or take leave to do so, after the ruling on the demurrer, we hold that it did abide by the third special plea and that the ruling of the court thereon is preserved for review and has not been waived. *Whalen v. Muna,* 94 Ill. App. 488, 490.

Plaintiff in error in support of its contention that the demurrer to the third plea should have been overruled cites the case of *United States Fidelity & Guaranty Co. v. Maryland Casualty Co.,* 182 Ill. App. 438, 445-446. In that case the policy expressly provided that "no action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue." The policy sued on in this action contains no such provision. Many of the authorities cited by plaintiff in error are distinguished

534    APPELLATE COURTS OF ILLINOIS.

Hixenbaugh v. Union Cent. Life Ins. Co., 219 Ill. App. 534.

on the same ground by our Supreme Court in the case of *Ravenswood Hospital v. Maryland Casualty Co.*, 280 Ill. 103, 110. While the wording of the policy in this case and the one in the *Ravenswood Hospital* case are not exactly the same, the principle applied in that case controls here and it was not necessary that defendant in error should have actually paid or satisfied the judgment against him before bringing this action to recover from the plaintiff in error. *Ravenswood Hospital v. Maryland Casualty Co.*, 280 Ill. 103, 110.

The judgment rendered in the circuit court is affirmed.

*Affirmed.*