## Mike Murgic, Appellee, v. Fort Dearborn Casualty Underwriters, Appellant.*

1. APPEAL AND ERROR—*waiver of error.* Alleged errors not argued are waived and will not be considered.

2. PLEADING—*effect of failure to demur to replication.* If a defendant fails to demur to replications to his pleas and issue is joined thereon, he cannot be heard to say that the replications did not constitute a legal answer to his pleas.

3. FORMER ADJUDICATION—*conclusiveness of facts in different causes of action.* Whether the cause of action is the same in two suits between the same parties or not, there is an estoppel by verdict upon the parties to the later suit as to facts properly presented which were determined in the former suit.

4. FORMER ADJUDICATION—*to whom available.* Determination as to certain facts in a prior suit is available to either of the parties to a later suit, as circumstances warrant.

5. FORMER ADJUDICATION—*construction of automobile indemnity policy ruled by.* The insurer having adopted in a former suit a certain construction of a clause insuring against automobile damage or payment of damages to others for operation of the car, will be bound thereby and by the decision thereon in a later action to recover under the policy for a different cause springing from the same accident.

6. INSURANCE—*payment of judgment as not precedent to recovering indemnity therefor.* Under a policy insuring against payment of damages to one injured by the insured's automobile, it is not necessary for the insured to prove payment of a judgment recovered against him before starting suit against the insurer for recovery therefor.

* Received from clerk of Appellate Court, August 8, 1927.

Appeal by defendant from the City Court of East St. Louis; the Hon. W. F. Borders, Judge, presiding. Heard in this court at the March term, 1925. Affirmed. Opinion filed August 5, 1925.

Geers & Geers, for appellant.

Beasley & Zulley, for appellee.

Mr. Justice Barry delivered the opinion of the court.

Appellant insured appellee against damage to his car occasioned by a collision with any object and also against any loss by reason of the liability imposed by law upon him for damages on account of bodily injuries accidentally suffered by any person or persons by reason of his ownership or use of said car, but not to exceed $5,000 for injury to or the death of any one person.

By the terms of the policy appellant was not to be liable for loss or damage occurring while the car was used in any race or speed test, or by any person under the age of 16 years, or by any person while under the influence of intoxicating liquor, or while being operated in any manner prohibited by law.

While appellee was driving on June 20, 1922, with Ross Mitchell as his guest the car collided with the railing of a bridge on the public highway and was totally demolished. Mr. Mitchell sustained a broken leg and other personal injuries. Appellee sued for the loss of his car and recovered a judgment which was affirmed by this court. In that case appellant filed the general issue and special pleas to the effect that appellee was operating his car in a manner prohibited by law and while under the influence of intoxicating liquor; that he was operating his car in a race or speed contest and that the damage thereto was proximately caused thereby; that he did not give appellant immediate notice of the accident.

In that case the court instructed the jury, at appellant's request, that if they believed from the evidence

that appellee was driving his car upon the highway at a greater rate of speed than 30 miles per hour and that said speed was the direct or proximate cause of the accident he could not recover and their verdict should be for appellant; that if they believed from the evidence that appellee was driving his car in any manner prohibited by law which directly or proximately contributed to the accident they should find the issues in favor of appellant.

After the judgment had been affirmed by this court Ross Mitchell sued appellee for the injuries received by him in the same collision and recovered a judgment for $5,000. He charged in his declaration that he was riding with appellee as an invited guest and that appellee so carelessly, negligently and improperly drove his car as to cause the same to collide with the railing of the bridge by means whereof he was violently thrown from the car upon the concrete road, thereby breaking the bones of his left leg near the ankle and the same became permanently crippled and injured; that he was otherwise seriously bruised and injured and there was a severe shock to his nervous system.

Appellant agreed in its policy to defend any suit brought against appellee to enforce a claim, whether groundless or not, for damages suffered, or alleged to have been suffered, on account of bodily injuries or death. When the summons in the Mitchell suit was served upon appellee he sent it to appellant with a request that it should look after his defense. Appellant declined to do so, denied liability and informed appellee that it would be necessary for him to look after the case.

After appellee paid the Mitchell judgment he brought the present suit to recover the amount thereof under the indemnity clause of the insurance policy. Appellant filed the general issue and three special pleas, the first being that at the time of the accident and injury to Mitchell appellee was operating his car

at a greater rate of speed than was reasonable and proper, to wit, at more than 30 miles per hour contrary to the statute; the second, that appellee did not give immediate notice of the accident and injury as required by the policy, and the third, that appellee had not sustained any loss because he had not paid the judgment recovered by Mitchell.

Appellant filed replications in which it averred facts showing that the matters set up as a defense in the first and second special pleas were put in issue in the prior suit between the same parties and determined in favor of appellee and that by reason thereof appellant is estopped to again relitigate those questions. He also replied that when sued by Mitchell he sent the summons to appellant and requested it to defend him but appellant refused to do so and that by reason thereof it is now estopped to make the defense set up in said pleas. To the third special plea appellee replied that he had satisfied the Mitchell judgment. Appellant filed no demurrer or rejoinder to the replications and the case went to trial without formal issues having been joined.

Upon the trial appellee offered the insurance policy and proved the recovery of the Mitchell judgment and the satisfaction thereof. He also put in evidence the declaration, special pleas, instructions, judgment of the trial and Appellate Courts in the prior suit between the same parties to recover for the loss of appellee's car. At the close of all the evidence the court directed a verdict in favor of appellee for $5,000 and rendered judgment thereon. While appellant assigned numerous errors upon the record it has argued but two points, viz, that there is no estoppel by verdict and that appellee failed to prove that he had paid the Mitchell judgment. Alleged errors not argued are waived and will not be considered.

In the state of the pleadings appellant is in the same position as if it had joined issue on the facts averred in the replications thereby admitting their sufficiency

as a legal answer to its pleas. When issue is joined upon replications and decided against a defendant he will not be heard to say that such replications were demurrable and did not constitute a legal answer to his pleas. *Raymer v. Modern Brotherhood of America,* 157 Ill. App. 510; *Chicago G. W. Ry. Co. v. People,* 179 Ill. 441–446. Appellant is in the position of having admitted that if the facts averred in the replications are true there is an estoppel by verdict. Those facts were fully established by the evidence.

Appellant contends, in effect, that even though those facts are true yet they are insufficient to constitute an estoppel by verdict. In other words that the replications were demurrable and not a legal answer to the pleas. Under the authorities above cited appellant cannot be heard to say that such is the case. But if the contention were open for our consideration it could not be sustained.

When some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This is known as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense. *Hanna v. Read,* 102 Ill. 596; *Chicago Title & Trust Co. v. National Storage Co.,* 260 Ill. 485–493.

Appellant concedes that such is the law but insists that the question at issue and determined in the former suit was whether the unlawful manner in which appellee operated his car, if he did so operate it, was the direct or proximate cause of the accident and injury to the car, while in the suit at bar the question pre-

sented by its first special plea is whether appellee was driving his car at the time in question in a manner prohibited by law. The only law alleged to have been violated by appellee in either case was that in regard to speed. In the suit to recover for the loss of the car appellant conceded by the instructions given at its request that even if appellee was driving his car at an unlawful rate of speed that, of itself, would not bar a recovery by him unless such unlawful speed was the cause of or contributed to the injury.

Appellant now seeks to have the language of the policy so construed as to relieve it from liability upon proof of the mere fact that the car was being operated at an unlawful rate of speed, even though such speed was not the proximate cause of and did not contribute to the injury of Mr. Mitchell. Having placed the other construction upon the policy in the prior suit appellant should be bound by it in the case at bar. It would be highly unreasonable to hold that the language has an entirely different meaning simply because this suit is brought under the indemnity clause of the insurance contract.

If it had been determined in the former suit that appellee was operating his car in a manner prohibited by law at the time of the collision appellant could have successfully pleaded an estoppel by verdict in the case at bar. That being true we know of no reason why appellant is not estopped to relitigate the same question, especially in view of the construction of the insurance contract adopted by it in the prior suit.

Appellee was insured against any loss by reason of the liability imposed by law upon him for damages on account of bodily injuries accidentally suffered by any person by reason of his ownership or use of his car to the extent of $5,000. Where a policy insured "against loss from liability imposed by law for damages on account of injury or death sustained by a patient while under treatment," the court said: "When Mrs. Appel

was injured the liability was incurred and when the court entered judgment against it (the hospital) the loss on account of such liability was sustained." *Ravenswood Hospital v. Maryland Casualty Co.,* 280 Ill. 103–111. Under a somewhat similar provision the same conclusion was reached in *Nolan v. Illinois Automobile Ins. Exch.,* 219 Ill. App. 531. We are of the opinion that it was not incumbent upon appellee to prove payment of the Mitchell judgment before this suit was begun. He averred in his declaration and his replication to the third special plea that he had paid the Mitchell judgment on October 30, 1924. The clerk of the city court testified, without objection, that the judgment had been satisfied and that the record showed that it was satisfied on October 30, 1924. This suit was begun on the following day.

As appellant has failed to point out any reversible error the judgment is affirmed.

*Affirmed.*