## Clara R. Appell, Appellee, v. Ravenswood Hospital, Appellant.

## Gen. No. 15,994.

1. VERDICTS—*what essential that excessiveness shall vitiate.* If it becomes clear that a verdict is so excessive as to be repellant to the sense of justice, or is otherwise tainted with passion or prejudice, the Appellate Court will interfere.

2. VERDICTS—*when not excessive.* *Held,* in an action on the case for personal injuries, that a verdict reduced by *remittitur* to $7500 was not excessive where the plaintiff's foot was severely burned and in consequence she suffered great pain, became permanently injured and was impaired in her earning capacity.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 6, 1912. Rehearing denied and opinion modified February 20, 1912. *Certiorari* denied by Supreme Court (making opinion final).

COLIN C. H. FYFFE and J. FRANCIS DAMMAN, JR., for appellant.

PECKHAM, BROWN, PACKARD & WALSH and NORMAN A. STREET, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellant is an Illinois corporation, organized under the general law relating to corporations for profit, and was operating a general hospital in the city of

Chicago, of which Dr. Green, a surgeon, was, at the time of the injury complained of, the manager.

In February, 1908, appellee went to this hospital for some minor operation. After the operation had been performed, and while she was still unconscious from the ether, the attendants placed her in a bed. In conformity with the usual practice in such cases, the bed had just been heated, by placing in it three hot water bottles. When appellee was about to be put into this bed thus warmed to receive her, the attendants removed two of these bottles, but carelessly left the third. When she recovered consciousness, about three hours later, it was found that her foot was burned, and that the remaining hot water bottle was still warm. As a result of the burn, a somewhat protracted stay in the hospital and operations on her foot were necessary, and, it is claimed, that her injuries are permanent. The jury gave her a verdict of $10.000, upon which the trial court required a *remittitur* of $2,500, and entered judgment for $7,500.

Upon this appeal the Hospital assigns and argues in its brief various alleged errors. Upon the oral argument, however, in which we were aided by the able and forceful presentation of the merits of the case, counsel for appellant, strenuously and persuasively argued that the verdict and judgment were excessive, the former so much so as to compel the conclusion that the jury was influenced by passion, or other improper motive. We have carefully gone over the entire record in the case and the printed arguments, and we do not think the contentions of appellant can be sustained.

The liability of appellant, as also the helplessness of appellee and the gross carelessness of the Hospital attendants in the matter of causing the injury complained of, we think the record clearly establishes, and we therefore come next to a consideration of the character and extent of the injuries.

And first, it should be stated that the proper amount of damages in cases of this character is a question of fact peculiarly for a jury, whose action in respect thereto has, and should have, much weight with an appellate court.   If, however, it becomes clear that the verdict is so excessive as to be repellant to the sense of justice, or is otherwise tainted with passion or prejudice, this court should interfere to prevent the injustice.

Prior to the injury, plaintiff was an active woman of twenty-eight, and in good health.   She testified to having suffered terribly from the burn during the three weeks she was first in the hospital; that thereafter she went home where she had a trained nurse for a week, and then a general nurse for about four months, during which time she could not use her foot at all; that she was compelled to have a double cushion put in her shoe because she could not step on her heel after it apparently had healed; that her physician called every day for about two months, and then every other day for several months, after which she went to his office for treatment two or three times a week until late in 1908, when she began to again have severe pains in her heel which continued until April, 1909, when she submitted to another operation upon her heel on account of which she remained in the hospital about two weeks, after which she claimed to be permanently disabled.   She had also the testimony of her two medical attendants, Dr. Weiner and Dr. Gilmore. Each of them corroborated her testimony and gave a detailed and technical description of the character and extent of the burn, and of the subsequent treatment and operation which it made necessary.   Both regarded the injury a permanent one.   And we regard it as significant that Dr. Green, the superintendent of the Hospital (appellant), who was present at the trial, made no attempt to prove, either by his own testimony or that of other experts, that the injuries re-

ceived by appellee were less severe than were claimed, or that they were not permanent in character.

Upon this record we must consider it as established that the appellee's injuries were severe, exceedingly painful, and that they were permanent. This being settled in her favor, we do not think that the verdict was so large as to indicate passion or prejudice on the part of the jury, nor do we think the judgment was excessive in amount.

The judgment will be affirmed.

*Judgment affirmed.*