(No. 11508.—Judgment affirmed.)

THE RAVENSWOOD HOSPITAL, Appellee, *vs.* THE MARY-LAND CASUALTY COMPANY, Appellant.

*Opinion filed October 23, 1917.*

1. INSURANCE—*when indemnity company is liable for interest on judgment appealed from.* Where an indemnity company insists upon exercising its right, under the policy, to appeal from a judgment against the assured at its own expense, it is liable, upon affirmance of the judgment, for the interest accruing thereon even though the judgment exceeds the face of the policy, as interest on the judgment appealed from is part of the expense of the appeal, the same as court costs.

2. SAME—*when assured is bound by payment of face of policy to bonding company.* Where a judgment is recovered against the holder of an indemnity policy in excess of the face of the policy, and he assents to an agreement between the indemnity company and the bonding company signing the bond, on appeal from the judgment, to pay the face of the policy to the bonding company if the judgment is affirmed, the holder is bound by the payment of the amount of the policy to the bonding company, which was obliged to pay the judgment, and he cannot recover such amount from the indemnity company.

3. SAME—*when an indemnity company is not liable for amount paid to compromise a second suit.* Where the terms of an indemnity policy expressly limit the company's liability to $5000 for bodily injuries or death of any one person, and such amount is paid in part satisfaction of a judgment recovered against the assured by the person injured, it is not liable for a sum paid by the assured to compromise a second suit begun by the husband of the person injured, based on alleged damage from loss of her services.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WIL-LIAMS, Judge, presiding.

KELLY, HALE, DAMMANN & COOLIDGE, (J. F. DAM-MANN, JR., of counsel,) for appellant.

CHARLES C. SPENCER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal by appellant, the Maryland Casualty Company, from a judgment of the Appellate Court for the First District reversing a judgment of the municipal court of the city of Chicago and entering judgment in that court in favor of appellee for the sum of $856.43. A certificate of importance and an appeal have been granted by the Appellate Court.

The cause was tried in the lower court on a stipulation of facts, from which it appears that on July 9, 1907, appellant issued to appellee a policy of insurance by which it agreed to indemnify the latter to the amount of $5000 against loss from liability imposed by law for damages on account of bodily injuries or death suffered by any patient or patients under treatment at its hospital. In February, 1908, Clara Appel, while a patient at the hospital, sustained bodily injuries, for which she subsequently recovered a judgment against appellee in the circuit court of Cook county for the sum of $7500. The cause was appealed to the Appellate Court for the First District, where the judgment of the lower court was affirmed. (*Ravenswood Hospital* v. *Appel,* 167 Ill. App. 187.) In order to prosecute the appeal an appeal bond in the sum of $9000 was required. Appellee was at first unable to furnish such a bond. Application was made to several companies, and finally to the Fidelity and Deposit Company of Maryland, which agreed to furnish the appeal bond provided appellee would furnish collateral security to the extent of $8000, and further agreed to accept the agreement of appellant to reimburse it to the extent of $5000 should it be called upon to pay the judgment appealed from and to accept collateral security of appellee to the amount of $3000. In the application for the appeal bond appellee stated that "the plaintiff secured a judgment for $7500 against the hospital, and we carry liability insurance with the Maryland Casualty Company, who are liable for $5000, the limit of its policy, and

the hospital is liable for the excess." Pursuant to this understanding appellant entered into an indemnity agreement with the Fidelity and Deposit Company in the penal sum of $5000, which recited that the latter company had "at the first instance and request of said obligors, and on the security thereof," executed or agreed to execute a bond in the sum of $9000 on behalf of appellee, which was appealing from a judgment of Clara Appel against it for $7500. The appeal bond was by reference made a part of such agreement. The condition of the indemnity agreement was that appellant should hold and keep harmless the Fidelity and Deposit Company from all loss, damages, costs, charges and expenses, of whatever kind or nature, it might incur or be put to by reason of having executed the appeal bond. In addition to this agreement appellee deposited with the Fidelity and Deposit Company additional collateral security to the amount of $3000, and the appeal bond was executed. Upon the affirmance of the judgment by the Appellate Court the Fidelity and Deposit Company demanded of appellant that it pay the $5000 provided for under the indemnity agreement and secured an assignment of the Appel judgment to it, at the same time demanding of appellee that it pay the balance due on such judgment, amounting to $3642.25, being $2500 excess over $5000 of the original judgment, $1125 interest on the $7500 judgment and $17.25 court costs. Appellant paid to the Fidelity and Deposit Company the $5000 provided for in the indemnity agreement, and shortly thereafter appellee paid to it the balance due on the judgment and the same was released of record. It further appears that while the suit of Mrs. Appel was pending, her husband, George Appel, brought another suit against the appellee for the damages and loss sustained by him on account of the injuries to his wife, and that said suit was subsequently settled by the payment to him of $150,—$75 being paid by appellant and an equal amount by appellee. This payment was made with the understand-

ing that it should in no way affect the claim of appellant that it was not liable for any amount whatever in the suit of George Appel.

The appellee contends it is entitled to recover the full amount paid out by it on account of the Appel judgment, and also the $75 paid to the husband of Mrs. Appel in settlement of his suit, while appellant contends it is not liable for any amount in excess of the penalty of its bond, which was $5000,—the face of its policy. The trial court allowed appellee the $75 paid to George Appel in settlement of his suit and an item of $17.25 court costs, and entered judgment in its favor for $92.25. On appeal to the Appellate Court the judgment of the lower court was reversed and judgment entered in that court in favor of the appellee for $698.50, which was subsequently modified on motion and interest allowed on said sum, making the final judgment $856.43, as above stated, composed of an item of $756.25 interest at five per cent on $5000 from July 20, 1909, (the date Mrs. Appel recovered her judgment,) until the date of its payment, July 29, 1912, and an item of $17.25 court costs, less the $75 paid by appellant in settlement of the suit of George Appel, leaving a balance of $698.50, with interest thereon from July 29, 1912, to date of final judgment, at five per cent, or $157.93, making a total of $856.43.

Both parties have assigned error on the record in this court. Appellee contends that the Appellate Court erred in not entering judgment in its favor for the total amount paid out by it in settlement of the Appel judgment and the amount paid to Mrs. Appel's husband in settlement of his claim, while appellant contends the court erred in entering judgment against it for any amount in excess of the penalty of its bond, except the item of $17.25 court costs.

The policy sued on provided that the Maryland Casualty Company (hereafter called the company) agrees to indemnify the Ravenswood Hospital (hereafter called the assured) "for one year against loss from the liability imposed

by law upon the assured for damages on account of bodily injuries or death suffered by any patient or patients under treatment by the assured or at the assured's hospital in consequence of any alleged error or mistake or malpractice occurring in the course of said treatment and during the term of this policy, and the company will defend at its own cost, in the name and on behalf of the assured, any civil suit or suits for the recovery of damages for such alleged error or mistake or malpractice, subject to the following conditions: Condition A.—The company's liability for such damages on account of injuries to or the death of one person is limited to $5000, and, subject to the same limit for each person, the company's total liability for such damages on account of injuries to or the death of any number of persons is limited to $10,000." By other conditions it was provided that if any claim be made for damages the assured should at once notify the company at its home office, and if any suit were brought for damages the summons or other process should, as soon as served, be forwarded at once to the company at its home office, and "that the company will at its own cost defend such suit in the name and on behalf of the assured unless the company shall elect to pay the assured the indemnity provided for in condition A, or only with the assured's consent the company may compromise any claim at its own cost." It further provided that the assured should not, without the written consent of the company, incur any expense or settle any claim except at its own cost, or interfere in any negotiations for settlement after having consented to a compromise, or interfere in any legal proceedings without the written consent of the company previously had, and that the company should be subrogated to all rights of the assured as respects any such loss, and execute all papers required and co-operate with the company to secure its rights in respect thereto.

Appellee first contends it is entitled to recover the full amount of $3642.25 paid out by it on account of such judg-

ment notwithstanding the payment by the appellant to the Fidelity and Deposit Company of $5000, the full amount of the penalty of its bond. The argument advanced in support of this contention is that the payment of the $5000 to the Fidelity and Deposit Company was made under the terms of an independent contract between it and appellant and not paid under the policy, which by its terms made the $5000 payable to appellee. We think this position is not well taken. Under the terms of the policy appellant was liable to appellee for the payment of not to exceed $5000 on account of loss or personal injuries to any one person. Under the terms of the indemnity agreement between it and the Fidelity and Deposit Company appellant agreed to indemnify and keep indemnified the latter company against and from any and all loss, costs, charges, suit damages, counsel fees and expenses, of whatever kind or nature, which it might sustain or incur or be put to by reason or in consequence of having entered into and executed said appeal bond. This indemnity agreement recites that it was entered into at the special instance and request of the obligors, which were appellant and appellee, and the appeal bond executed by appellee was by reference made a part of that agreement. On the whole evidence we think it clear the foregoing agreement between appellant and the Fidelity and Deposit Company was assented and agreed to by appellee and was made as much for its benefit as that of appellant. In pursuance of such indemnity agreement the Fidelity and Deposit Company paid the amount of Mrs. Appel's judgment and secured an assignment of the same to it and demanded the payment of the $5000 provided for in the policy, which appellee stated in its application for the bond appellant was obligated to pay on this judgment. By the terms of this agreement between the appellant and the Fidelity and Deposit Company the former agreed to indemnify the latter to that amount against any liability it might incur on account of executing such appeal bond.

This agreement was made with the knowledge and consent of appellee, and, we think, amounted to an assent on its part that appellant might pay the Fidelity and Deposit Company the amount of such policy, to be applied in extinguishment of the Appel judgment, and that such payment should amount to an extinguishment of its liability on the policy to appellee to that amount. When such payment was made to the Fidelity and Deposit Company it applied the same on Mrs. Appel's judgment and relieved appellee of its liability to Mrs. Appel to the amount of $5000. Under the circumstances we think the Appellate Court rightly held the payment was made for the use and in behalf of appellee and to that extent extinguished appellant's liability under the policy.

As to the further contention that appellee was entitled to be reimbursed for the $75 paid to the husband of Mrs. Appel, by the terms of the policy the liability for damages on account of injuries or death was limited to $5000 for each person, and the total liability assumed, in any event, was not to exceed $10,000, irrespective of the number of persons injured. The language of the policy is, "damages on account of injury to or the death of one person is limited to $5000 and subject to the same limit for each person." This language is too plain and clear to leave any doubt as to its meaning. It specifically limits appellant's liability to $5000 for injury or death to one person, irrespective of the number of persons who may make claim to damages on account of the injury to such person. In this case but one person was injured,—Mrs. Appel,—and under the conditions of the policy the appellant's liability was limited to $5000 on account of such injury. For this reason we think the Appellate Court was right in refusing to allow appellee's claim for such item.

As to the contention of appellant that it is not liable for any amount in excess of the policy except the $17.25 court costs, this contention is based on the language of the

policy wherein it provides appellant's undertaking is to indemnify appellee "against loss from liability imposed by law," etc. Its argument in support of this contention is, that by the terms of the policy the insurance is not against "liability for loss" but only against "loss from liability imposed by law," and that no loss is sustained, by the terms of such policy, until the judgment rendered is actually paid or the liability otherwise satisfied, and that as the loss in this case was not paid until after the interest had accrued, it constituted a part of appellee's loss only from the time the judgment was paid by it, and that it is not liable for any part of such loss in excess of the amount covered by its policy. Appellant cites in support of this contention the following among other cases: *Davison* v. *Casualty Co.* 187 Mass. 167; *Coast Lumber Co.* v. *Ætna Life Ins. Co.* 22 Idaho, 264; *Puget Sound Improvement Co.* v. *Frankfort Ins. Co.* 52 Wash. 124; *Connolly* v. *Bolster,* 187 Mass. 266; *Cushman* v. *Carbondale,* 122 Iowa, 566. These cases, however, are not decisive of this question, for the reason the policy in each of those cases made it a condition that no action should lie for a loss under the policy unless brought by the assured to reimburse it for loss actually sustained and paid in satisfaction of a judgment after trial of the issues, and therefore are not controlling here, where the policy does not make it a condition to a recovery thereon that the assured shall have actually paid or satisfied the judgment or claim before there shall be any liability under the policy. In this case the obligation of appellant was to indemnify appellee against loss from liability imposed by law for damages on account of injury or death sustained by a patient while under treatment at its hospital, etc. Appellant further agreed that it would "at its own cost defend such suit" unless it should elect to pay appellee the amount of the policy. What was meant by the phrase, "at its own cost defend such suit?" Clearly, that appellant would bear all of the expenses incident to the defense of such action,

no matter what their kind or nature.  This was to be in addition to the $5000 specified in the policy.  When Mrs. Appel was injured the liability was incurred and when the court entered judgment against it the loss on account of such liability was sustained.  (*Stephens* v. *Pennsylvania Casualty Co.* 135 Mich. 189.)  True, the loss had not been paid but it had been definitely ascertained and fixed, and if no appeal had been taken appellee would have been required to pay it at that time.  The perfecting of the appeal did not relieve appellee of liability for the loss as ascertained and fixed by that judgment, but only suspended its collection until such further time as the judgment of the lower court could be reviewed on the appeal.  Pending the appeal, and by reason thereof, costs and interest accrued. When the judgment of the lower court was affirmed the suspension of appellee's liability on the judgment was ended and its property was then subject to seizure in satisfaction of such judgment.  Had appellant chosen to pay appellee the amount of its policy of $5000 when that judgment was rendered it would have thereby relieved itself from the expense incident to the appeal, and the appellee would have had the privilege of either using said amount to satisfy the judgment or in prosecuting its appeal.  In either event appellant would not have been liable for the interest on the $5000 judgment pending the appeal.  Had appellant elected to pay the amount of this judgment to appellee then liability for interest on its part would have ceased, and had appellee elected to prosecute the appeal it would have had the use of $5000 paid to it by appellant during the time the appeal was pending.  But appellant did not choose to do this, but, on the contrary, insisted upon the case being appealed to the Appellate Court.  Under the terms of the policy appellee was compelled to participate in the appeal or forfeit its rights under the policy.  While the case was pending in the Appellate Court interest accumulated on the judgment, which appellee ultimately was required to pay.

In the meantime appellant retained and had the use of the $5000 which ultimately was applied in satisfaction of the judgment, on which appellee was required to pay interest. The policy, as we have seen, reserved to appellant full control over the defense of such action, and in consideration thereof it agreed to defend such action at its own cost. The appellant does not contend but that this included all of the expenses necessary and incidental to the carrying of such case by appeal to the Appellate Court, such as the procuring of the record, abstracts, briefs and argument, attorney fees and court costs. Interest on a judgment is as much an incident to the expense of carrying a case to the Appellate Court as are the court costs. The statute provides that the appellant shall pay interest on the judgment appealed from during the time such appeal is pending, as well as all of the costs of such appeal. Each item is a part of the expenses incurred as an incident to such appeal, and is, in a sense at least, a part of the costs of such appeal, and we think where a policy provides, as did the policy in this case, that appellant should have the right to carry the case to the higher court, but at its own expense, when it does so interest and court costs are to be deemed as much a part of the expense of such appeal as are the attorney's fees, the securing of a record, the printing of briefs and abstracts, or any of the other expenses incidental to such appeal. This is the view taken by the courts in *Ætna Life Ins. Co.* v. *Bowling Green Gas Light Co.* 159 Ky. 732, and *Century Realty Co.* v. *Frankfort Ins. Co.* 161 S. W. Rep. 624, and we think these cases should be followed here.

For the reasons given the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*