JULIUS THOREN, Plaintiff, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.

Supreme Court, Special Term, Nassau County, November 25, 1937.

*Iselin, Riggs & Ferris,* for the plaintiff.

*William A. Earl,* for the defendant.

STEINBRINK, J.  Motion by plaintiff for judgment on the ground that the answer interposed is insufficient in law, and cross-motion for judgment dismissing the complaint pursuant to rule 112 of the Rules of Civil Practice.  The facts, briefly stated, are as follows: The plaintiff and his wife, Gerda Thoren, in actions against the defendant's assured, recovered three judgments, including costs, as follows: (a) In favor of Gerda Thoren for $10,000, plus $160.59 costs.  This was for her personal injuries, and the judgment has been paid by the assured.  (b) In favor of Julius Thoren for personal injuries for $4,500, plus $159.35 costs.  This has been paid. (c) In favor of Julius Thoren for $2,500, plus $159.85 costs, in the action by him for loss of services of his wife and medical expenses

in effecting her cure. It is this last judgment which is the subject of this controversy.

The decision of both motions pivots on the interpretation of the policy of insurance. By declaration 5, section I, it is provided as follows: " (1) Public Liability. Limit of liability for bodily injury to one person $10,000. Limit of liability for any one accident $20,000."

The material facts are not at all in dispute. Though there are some technical denials in the answer, they are waived or explained in the briefs. It is the plaintiff's contention that under declarations, section I, paragraph 5, the assured is liable for a sum not in excess of $20,000 for any one accident, but in answer to this the defendant points to another provision of the policy which sets forth the conditions subject to which the policy is made. The part of the policy germane to this question is to be found under paragraph (D) of the conditions, and reads as follows: " The limits of liability in respect of any one accident as expressed in Sections I and II of Declaration 5 shall apply to each automobile therein described, but the company's liability on account of all assured, in respect of bodily injury to one person, or death or loss of service or expense resulting therefrom is limited to the sum specified for one person in said Section I of Declaration 5, and subject to the same limit for one person, the company's total liability is limited to the sum specified for one accident of said Section I of Declaration 5."

By this condition, which is an integral part of the contract of insurance, the company's liability " in respect of bodily injury to one person * * * or loss of service or expense, resulting therefrom is limited " to the amount specified in section I, which is $10,000. The $10,000 covers not alone bodily injuries to one person, but also loss of services and expense arising therefrom. (*Holodko* v. *Greater New York Taxpayers Mutual Ins. Assn.*, 250 App. Div. 706.) In other words, the company's liability to Gerda Thoren for her bodily injuries and to her husband for loss of services is limited to an aggregate of $10,000. Since that sum, with costs, has already been paid, the company's liability under the policy has been discharged.

The plaintiff contends that under the policy the limitation of $10,000 for bodily injury and the results therefrom (loss of service or expense) applies only when one person has received bodily injuries and that no such limitation is imposed when more than one person has suffered bodily injury. In the latter event, it is urged that the $20,000 limitation applies to both in the aggregate, although neither one may receive more than $10,000. There is no

force to this contention, which distorts the plain meaning of the above-quoted condition (D), which limits and qualifies section I of declaration 5.

Plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment dismissing the complaint is granted.