In this suit which is one for damages for personal injuries and other damages in connection therewith, the question of liability has passed out of consideration and the two issues that are presented have to do with the amount of the award that was made in the judgment appealed from and the distribution of that amount between the two public liability insurance companies that are involved.
The suit arose out of an automobile accident which happened during the night of October 29, 1939. On that day, Mr. John B. Ferguson, Jr., one of the defendants, invited Dr. Mrs. Ernest V. Lacour and Miss Elizabeth Price to go with him to a night club near Opelousas. Mrs. Lacour is Mr. Ferguson's daughter and Miss Price is his niece. Mr. Ferguson lives at Lake Arthur and he drove to Jennings, where the other parties resided, in his coupe. From Jennings the party rode to Opelousas in Dr. Lacour's Oldsmobile Sedan. It was on the return trip to Jennings during the night while Mr. Ferguson was driving the car, with Dr. Lacour's permission and consent, that the accident happened resulting in rather severe personal injuries to Mrs. Lacour and which required quite extensive treatment.
The Eagle Indemnity Company carried public liability insurance on Dr. Lacour's Oldsmobile Sedan, the limits of liability for bodily injury being $5,000 for each person and $10,000 for each accident. The assured under the policy besides the owner of the automobile is designated as being also anyone driving the automobile at the time of the accident with the consent of the owner. Mr. Ferguson carried public liability insurance with the Travelers Indemnity Company, the limits of liability for bodily injuries under his policy being $25,000 for each person and $50,000 for each accident. There is an endorsement on his policy in which it is stipulated that the insurance afforded for bodily injury liability and for property damage liability also applies with respect to the operation by the insured of any other private passenger automobile provided such use thereof is with the permission of any person having the right to grant the same. The added protection under this endorsement is only "excess insurance" over any other valid and collectible insurance available to the insured.
Both insurance companies were made parties defendant with Mr. John B. Ferguson, Jr. Mrs. Lacour seeks to recover $20,000 for personal injuries suffered by her and Dr. Lacour, $1,479.57 for medical and surgical expenses incurred and to be incurred in her treatment. Judgment is prayed for in the petition as follows: In favor of Dr. Lacour and against John B. Ferguson, Jr., and the Travelers Indemnity Company, in solido, in the sum of $1,479.57, and in favor of Mrs. Lacour and against John B. Ferguson, Jr., Eagle Indemnity Company and Travelers Indemnity Company, in solido, in the sum of $20,000, the said Eagle Indemnity Company being liable in solido with John B. Ferguson, Jr., up to the sum of $5,000, and Travelers Indemnity Company being liable, in solido, with John B. Ferguson, Jr., for all amounts in excess of the liability of the Eagle Indemnity Company. In the alternative, the prayer is for judgment as follows: In favor of Dr. Lacour and against all three defendants, in solido, in the sum of $1,479.57 and in favor of Mrs. Lacour and against all three defendants, in solido, in the full sum of $20,000, all subject however to the limitations of liability as provided for in the two policies of insurance and that in the event either one of said insurance companies is not liable unto either of the plaintiffs, that they both recover judgment against the other in the amounts set out.
The judgment in the court below was in favor of Dr. Lacour for the sum of $1,379.57 and in favor of Mrs. Lacour for $8,500. Dr. Lacour was granted judgment for the full amount of the award made in his favor against John B. Ferguson, Jr., and Eagle Indemnity Company, in solido. Mrs. Lacour was given judgment against John B. Ferguson, Jr. and Eagle Indemnity Company, in solido, for the sum of $3,620.43 and against John B. Ferguson, Jr. and Travelers Indemnity Company, in solido, in the sum of $4,879.57. We are given to understand by counsel for plaintiffs that Eagle Indemnity Company has paid $5,000 which is the full amount it was condemned for under the judgment. John *Page 208 
B. Ferguson, Jr., and Travelers Indemnity Company took an appeal jointly but the only appellant before the court now seems to be Travelers Indemnity Company which, as already stated, is now contesting the amount of the award made in favor of Mrs. Lacour and the manner in which the awards were apportioned between it and the Eagle Indemnity Company.
We have reached the conclusion that the award made to Mrs. Lacour is excessive and have decided to reduce it, but inasmuch as the total amount of the award to be made by us will still be in excess of the sum of $5,000, it becomes necessary for us to pass on the point involved relating to the apportionment of the amount as made by the district judge. We will discuss that issue first.
The contention of the appellant is that as there was more than one person who sustained a loss or was caused damages as a result of the accident, the Eagle Indemnity Company is liable to Mrs. Lacour to the full extent of its liability of $5,000 for one person and to Dr. Lacour to the full extent of the award made in his favor, that is, $1379.57, for another person, as under its coverage clause it is liable for $5,000 to each person who sustained a loss or damage.
That very point was involved in the case of In re Employers' Liability Assurance Corporation, Ltd., of London, England,180 La. 406, 156 So. 447, and was decided adversely to this contention. It was there specifically held that it is only in case that more than one person suffers bodily injuries (or death) that the limit of the insurer's liability is increased twofold under a clause in the policy of a nature similar to the one contained in the policy under consideration in this case. (Italics ours.) The holding of that case is plainly to the effect that such damages as were sustained and are being herein claimed by Dr. Lacour, although arising out of the same accident, are not covered under the limit of liability which is strictly intended to apply to damages for bodily injuries only. The same ruling was later made in the case of Lowery v. Zorn, 184 La. 1054,168 So. 297. The case of Hardtner v. Aetna Casualty Surety Company, La.App., 189 So. 365, relied on by the appellant, seems to bear no relation whatever to the same point and we therefore conclude that the trial court was correct in following the ruling laid down in the other two cases in distributing the awards as made between the two defendant insurance companies.
Regarding the amount of the award made in favor of Mrs. Lacour, we find the proof relative to the injuries suffered by her to be that she had a lacerated wound over the left scapular, that she sustained a crushed fracture of the first lumbar vertebra and of the twelfth dorsal vertebra, all of which was accompanied by rather severe shock and pain; that as a result of the injury to her back and the shock which she sustained there was paralysis of the intestines for a few days, necessitating flushing. She was given first aid treatment at the parish clinic in Jennings as soon as she was brought there that morning following the accident and her back was strapped with adhesive tape. A couple of days thereafter she was removed by ambulance and taken to a hospital in Lake Charles, where she was put in a plaster cast which she wore about a week. She remained at the hospital ten days and was thereafter removed to her home. She was then put in a permanent plaster cast from her neck to her hips. This cast was worn by her until sometime in February, 1940, when, on a visit to New Orleans for further treatment, it was removed and a leather and steel harness or brace was applied. She wore this brace until the end of May and then began removing it for an hour or so at a time until the 1st. of July when she finally discarded it.
The medical testimony is to the effect that at first she suffered pain in wearing the casts and brace but after a while there seems to have been more discomfort than pain. Our appreciation of the testimony is that she has fully recovered except for a slight narrowing of the space between the twelfth dorsal and the first lumbar vertebrae, but because of her favorable age this will eventually disappear.
We have reached the conclusion that the award of $8,500 made by the trial judge is out of proportion with the awards made in cases of a somewhat similar nature, and find that it is excessive. The principal cases that are referred to in order to support it present certain features and circumstances which do not appear in this case. After all, as is so frequently stated, whilst awards made in former cases are useful as guides in reaching a fair and reasonable amount to be assessed as damages *Page 209 
for physical injuries, still it is equally true that the facts in each as they appear, are those on which the amount must ultimately be based. In this case, the evidence does not satisfy us that Mrs. Lacour's injuries are of a permanent nature and we are of the opinion that an award of $5,000 will compensate her for such injuries as she did sustain as well as for the resulting pain, suffering and discomfort which she endured.
It is for the reasons stated now ordered that the judgment appealed from be amended by reducing that part of the decree which awarded judgment in favor of Mrs. Lacour and against John B. Ferguson, Jr., and Travelers Indemnity Company in solido, from the sum of $4,879.57 to the sum of $1,379.57, and that as thus amended it be affirmed. It is further ordered that the said plaintiff Mrs. Lacour, the appellant herein, pay all costs of this appeal.