Bernat, Appellant, *v.* Socke.

Argued September 26, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Charles A. Lord,* with him *Richter, Lord & Farage,* for appellant.

*Ralph S. Croskey,* for appellee.

OPINION BY GUNTHER, J., November 16, 1955:

Plaintiffs, husband and wife, sued defendant for damages arising from an automobile accident and wife received a verdict for $8,000 and husband for $2,000. Wife's verdict was for her personal injuries, while husband's was for medical expenses incurred for wife, loss of consortium and services, and damages to his automobile. Defendant's insurance carrier, the garnishee in this proceeding, paid wife plaintiff $5,000, has agreed to pay husband $250 for property damage, and contends that it has no further liability. Husband issued attachment execution on his judgment and served the insurance carrier as garnishee. In answer to interrogatories the garnishee set forth the defendant's insurance policy and a copy of a notice sent to defendant while the suit was pending. Husband plaintiff asked for judgment against garnishee on the pleadings which was refused by the court below and husband has appealed.

Husband plaintiff contends that the garnishee is liable for the entire $2,000 judgment in his favor and not merely the $250 property damage admittedly due. The applicable portions of defendant's insurance policy read as follows:

"1. COVERAGE A—BODILY INJURY LIABILITY. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, includ-

ing death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"1.   LIMITS OF LIABILITY—Coverage A.   The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by two or more persons in any one accident."

It is contended that the above quoted limits of liability clause is ambiguous and therefore should be construed against the insurance company which drafted the policy.   Plaintiff would have the court construe the words

"The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident." to mean that the phrase "sustained by one person in any one accident" modifies the word damages.   By such a construction husband plaintiff would recover because he had damages distinct from those of the wife, although they originated from wife's injuries.   However, the court below properly

held that the disputed phrase modifies the words "bodily injury, sickness or disease". Since only the wife was injured, the limit for all damages resulting therefrom is $5,000. We see no ambiguity in this policy. The construction adopted by the court below is more logical and grammatical, since plaintiff's contention would result in the phrase "sustained by one person" modifying a word far removed in the sentence. Further, the results obtainable under such construction of the policy could be most inequitable, as, for example, where two persons are killed in one accident, but only one beneficiary or heir exists, there would be only one person sustaining damages and the liability would be limited to $5,000. Similar phraseology of this policy has been construed by many courts outside Pennsylvania, and the construction urged by the garnishee has been widely upheld. See *New Amsterdam Casualty Co. v. Hart*, 153 Fla. 840, 16 So. 2d 118 (1943); *Perkins et al. v. Fireman's Fund Indemnity Co.*, 44 Cal. App. 2d 427, 112 P. 2d 670 (1941); *Ravenswood Hospital v. Maryland Casualty Co.*, 280 Ill. 103, 117 N. E. 485 (1917); *Lacour v. Ferguson La. App.*, 6 So. 2d 206 (1942); *Gaines v. Standard Acc. Ins. Co., La. App.*, 32 So. 2d 633 (1947); *Pastucha v. Roth*, 290 Mich. 1, 287 N. W. 355 (1939); *Wilson v. Capital Fire Ins. Co. of Lincoln*, 136 Neb. 435, 286 N. W. 3 331, 332 (1939); *Klein v. Liability Assur. Corp.*, 9 Ohio App. 241 (1918); *Putnam v. Employers Liability Assur. Corp.*, 90 N. H. 74, 4 A. 2d 353 (1939); *Thoren v. Hartford Accident Indemnity Co.*, 300 N. Y. S. 865, 165 Misc. 790 (1937); *Rankin v. Travelers Ins. Co.*, 254 App. Div. 687, 3 N. Y. S. 2d 444 (1938); *Chattanooga Dayton Bus Line v. Burney*, 160 Tenn. 294, 23 S. W. 2d 669 (1929); and *Williams v. Standard Acc. Ins. Co. of Detroit, Mich.*, 188 F. 2d 206 (1951).

Plaintiff's main contention is that the garnishee is estopped from raising the defense of its policy limits under the ruling in *Perkoski v. Wilson*, 371 Pa. 553, 92 A. 2d 180. In that case the defendant, who was insured for $10,000 for each person injured and $20,000 for each accident, suffered verdicts of $10,000 for an injured wife plaintiff and $6,000 for husband plaintiff, both husband and wife having been injured. Defendant's insurance company took charge of the defense, permitted a remittitur to be entered against husband's verdict, and then claimed that the policy limits did not cover the entire amount of the verdicts, as in the instant case. However, the court in *Perkoski v. Wilson* did not permit the insurance company to make this contention and entered judgment against it for the full amount of both verdicts. The Supreme Court in that case based its decision on three grounds. First, both husband and wife were injured and it was impossible to ascertain what part of husband's verdict, if any, was for his injuries and what part for loss of consortium and wife's services. Second, the insurance company failed properly to notify the defendant of its contention of limited liability and defendant permitted the company to take full charge of the defense. Third, the company's attorney allowed the remittitur to be applied in such a manner as to serve the company's interest and not defendant's. In the instant case plaintiff argues that the garnishee is estopped from raising the defense of the policy limits because, as in *Perkoski*, the notice sent to defendant advising him that he could hire private counsel stated only that the total suit was in excess of the policy limits, but did not go into a detailed explanation thereof. It is to be doubted whether the result in *Perkoski* would have been the same had the other two elements been absent, although plaintiff

here maintains that the court in *Perkoski* based its reasoning on three independent grounds. However, the two cases are distinguishable even on the sole question of proper notice by insurance company to defendant. This is a motion for judgment on the pleadings, and it is well settled that such judgment should not be entered unless the matter is clear of doubt. The pleadings do not disclose that defendant was prejudiced in any way by the insurer's notice or that he failed to understand the policy limits. Also, it appears that he did in fact employ private counsel to assist him, thus tending to negate the inference of prejudice which might arise when the defense is conducted solely by an insurer's lawyer whose interests might be antagonistic to those of defendant. In the absence of evidence of prejudice there is sufficient doubt raised to require the court to refuse the motion for judgment on the pleadings.

Order affirmed.