## Smith v. Cassida

*Robert W. Lewis*, for plaintiffs.

*Whitmire & Mannix*, for garnishee.

McCREARY, P. J., August 9, 1960.—This action is an execution attachment proceeding brought by plaintiffs against Carl E. Cassida, defendant and Nationwide Mutual Insurance Company, as garnishee, to enforce collection of plaintiffs' judgment secured in an action in trespass against Carl E. Cassida, defendant, at no. 119, September term, 1958, in the Court of Common Pleas of Beaver County.

On April 20, 1957, Carl E. Cassida, defendant, while driving his car southwardly on the Brodhead Road, as it extends in Hopewell Township, Beaver

County, when negotiating a curve, lost control of his car, went off the road onto the berm to his right, hit a brick pillar, cut back onto the road and across the highway, thereby crashing headon into plaintiffs' car driven by Howard E. Smith and carrying his wife, Mary G. Smith, as a passenger. The impact took place on plaintiffs' side of the highway, and no excuse or explanation was offered by defendant, Cassida, as to why he drove his car onto the wrong side of the highway crashing headon into plaintiffs. There was absolutely no evidence produced at the trial indicating any contributory negligence on the part of either of plaintiffs.

As a result of the collision, Mary Smith and her husband, Howard Smith, brought an action in trespass against the said Carl E. Cassida, defendant, at no. 119, September term, 1958, to recover damages on account of the personal injuries suffered by Mary Smith, personal injuries suffered by Howard Smith and the property damage sustained by Howard Smith. Specifically, under the pleadings filed and the evidence produced at the trial, plaintiff, Mary Smith, sought to recover in her own right on account of her bodily injuries which involved exclusively the element of pain and suffering which was conceded to be severe and extensive.

Howard Smith sought to recover for (1) the consequential damages awardable to him by reason of the loss of services of his wife; (2) reimbursement for present and future medical care arising out of the bodily injuries to his wife; (3) damages on account of his own individual personal bodily injuries and (4) for the property damage he sustained.

All through the trial of the trespass action, counsel for both parties were well aware, and specifically

called to the attention of the trial judge the fact that liability would not be contested by defendant; that substantial damages could be properly awarded by a jury to Mrs Mary Smith on account of her bodily injuries, and that such awards, plus the consequential damages properly awardable to her husband, Howard Smith, would probably exceed the insurance company's contention as to coverage limits, thereby rendering the trespass trial merely a preliminary proceeding for eventual determination of the real issue of coverage under the liability insurance policy issued to defendant, Carl E. Cassida.

In order to avoid the pitfalls inherent in the usual general jury verdict, as demonstrated by the opinion of the Supreme Court in the case of Perkoski v. Wilson, 371 Pa. 553, the trial judge, at the request of counsel for both parties, had the jury return special verdicts specifically designating the sums awarded on account of the various factors which would later become important in determining the question of extent of coverage under defendant's liability insurance policy. In accordance with the court's instructions as to the form of verdict, the jury, on January 15, 1960, returned a verdict making the following awards to plaintiffs, Mary Smith and Howard Smith:

A. The sum of $12,500 was awarded to plaintiff, Mary Smith, on account of her bodily injuries.

B. The sum of $500 was awarded to plaintiff, Howard Smith, on account of his own individual personal bodily injuries and for the property damages he sustained.

C. The sum of $8,762.90 was awarded to plaintiff, Howard Smith, on account of the medical care arising out of the bodily injuries to his wife, Mary Smith.

D. The sum of $3,237.10 was awarded to plaintiff, Howard Smith, for the loss of services of his wife, Mary Smith, arising out of the bodily injuries to said Mary Smith.

The garnishee insurance company immediately offered to pay to plaintiffs the total sum of $10,500, plus the record costs accrued to the date of entry of judgment in behalf of plaintiffs, in full discharge of its liability under the policy issued to Carl E. Cassida, but said amount was refused by plaintiffs (paragraph 13 of garnishee's new matter, admitted by plaintiffs' reply to new matter).

Plaintiffs then, on January 22, 1960, commenced the present attachment execution proceedings and made service upon both defendant and the garnishee. Garnishee filed an answer and new matter wherein answer was made to all of plaintiffs' interrogatories and, under the heading of new matter, set forth the terms of the policy allegedly limiting liability to $10,500 plus costs. No appearance has been entered by defendant.

Plaintiffs then filed a reply to the garnishee's new matter admitting all of the factual matters alleged by the garnishee, except the garnishee's legal conclusion as to the limit of liability of the garnishee under the terms of the policy of the insurance issued to defendant. Inasmuch as all of the factual matters have been admitted both by the garnishee's answer and by plaintiffs' reply to garnishee's new matter, leaving only a question of law to be determined, as to the proper interpretation of the insurance contract with reference to the limit of liability of the garnishee thereunder, plaintiffs filed a motion for judgment on the pleadings which is now before the court for determination.

There are two questions involved in the proper determination of the motion, one of which is substantive and the other of which is procedural.

1. The substantive question involved is the proper legal interpretation of the contract of liability insurance between the garnishee and defendant with reference to the limits of liability and, as essentially set forth in paragraphs 3 and 4 of plaintiffs' motion for judgment on the pleadings: "Is the total liability of the garnishee the sum of $10,500, or is the liability of the garnishee the sum of $10,000 to Mary Smith and $10,000 to Howard Smith, the latter affording separate coverage to Howard Smith for the consequential damages arising out of the injuries to his wife?"

2. The procedural question is, should the court enter judgment on the pleadings?

### 1. *The Substantive Question*..

In the present case, under the pleadings and the admitted facts, the sole issue involved is that of the proper legal interpretation of the coverage and limits of liability provisions in the insurance contract issued by the garnishee to defendant. No other questions are involved and, therefore, the case at bar is thus clearly distinguished to that extent from Perkoski v. Wilson, supra, where the Supreme Court of Pennsylvania refused to interpret similar contractual provisions because of three other factors present in that case. The facts in the case at bar are distinguishable from the facts in the later Superior Court case of Bernat v. Socke, 180 Pa. Superior Ct. 512, where the Superior Court did interpret similar contractual provisions in favor of the limitations contended for by the garnishee, but refused plaintiff's motion for judgment on the pleadings on the basis that plaintiff in the Bernat

case was contending that the garnishee insurance company was estopped from asserting the said contractual defense, and there was sufficient doubt raised concerning estoppel to prevent summary entry of judgment in favor of plaintiff and against the garnishee.

With reference to the Supreme Court's action in Perkoski v. Wilson, supra, the Superior Court, speaking through Judge Gunther, in Bernat v. Socke, supra, clearly pointed out the three grounds upon which the Supreme Court refused to permit the insurance company to assert the defense of the contractual provisions in its insurance contract. With reference thereto, Judge Gunther said, page 517:

". . . however, the court in *Perkoski v. Wilson* did not permit the insurance company to make this contention and entered judgment against it for the full amount of both verdicts. The Supreme Court in that case based its decision on three grounds. First, both husband and wife were injured and it was impossible to ascertain what part of husband's verdict, if any, was for his injuries and what part for loss of consortium and wife's services. Second, the insurance company failed properly to notify the defendant of its contention of limited liability and defendant permitted the company to take full charge of the defense. Third, the company's attorney allowed the remittitur to be applied in such a manner as to serve the company's interest and not defendant's . . ."

The first ground mentioned by the Superior Court, in analyzing the Perkoski v. Wilson case, refers to the impossibility of separating the elements of damage awarded to the husband-plaintiff. Such a problem is not involved in the case at bar for the reason that, in the original trespass trial proceedings, having in mind the difficulties involved under the Perkoski v. Wilson

ruling, the court, at the request of counsel, specifically had the jury make the necessary separation.

The second and third grounds pointed out by the Superior Court with reference to the Supreme Court's ruling in Perkoski v. Wilson constitute two allegations of grounds for invoking the doctrine of estoppel. In the case at bar, the issue of estoppel has not been raised in the pleadings and, as pointed out above, plaintiffs' counsel specifically admits in his written brief of argument that no other issues, except legal interpretation of the contractual provisions, are involved. This eliminates both the second and third grounds mentioned by the Supreme Court in Perkoski v. Wilson as a basis for refusing to allow the insurance company garnishee to assert its contractual defense with reference to coverage and limits of liability.

As was well stated by the Superior Court when speaking through Judge Gunther, in the case of Bernat v. Socke, supra, the court said that it is doubtful if the result in the Perkoski case would have been the same had the element of impossibility of breaking down the husband's general verdict and the element of the insurance company's estoppel been absent from that case.

Since none of the three above-mentioned elements are present in the case at bar, it is clear that only the question of the proper legal interpretation of the contractual provisions is involved in the case we are considering, and the sole question of coverage is squarely before this court for determination, completely unfettered by any accompanying side issues.

The husband-plaintiff contends that the garnishee is liable for $10,000 of the $12,500 judgment in his favor and not merely the $500 awarded to him by the jury for his own personal bodily injuries and property damage loss. The applicable portions of defendant's insurance policy read as follows:

"1. Coverages:

"C. To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading of the described automobile because of:

"(1) Destruction or damage of property including loss of use thereof;

"(2) Bodily injury, sickness, disease or death of any person except for liability under any Workmen's Compensation law. . . ."

"2. Conditions:

"4. Limits of liability

"Coverage C (2) : The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the Company's liability for *all damages sustained by one person in any one occurrence*. The limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the Company's liability for all damages sustained by two or more persons in any one occurrence. *Such limits of liability for all damages include damages for care and loss of services arising out of bodily injury, sickness or disease,* including death at any time resulting therefrom." (Italics supplied.)

This language is almost identical with the language in the policy involved in the case of Bernat v. Socke, supra, and must be accorded the same treatment as the Superior Court gave it in that case. It is difficult to think of language that the garnishee could have used in preparing defendant's policy which would more clearly blast husband-plaintiff's contention. How can he successfully contend that when the insurance company limited, by clear language, its "bodily injury liability, stated in the declaration as applicable to 'each

person', as the limits of the Company's liability for *all* damages sustained by one person in any one occurrence" and then claim that when the policy limit of $10,000 has been paid or tendered to the injured wife plaintiff, the insurance company must still pay on account of the wife's bodily injuries, the consequential damages incurred by the husband-plaintiff, by way of loss of services and consortium and necessary medical and hospital services, past and future? To so interpret the contract would render nugatory that language of the same clause, limiting liability, which reads:

"Such limits of liability for all damages includes damages for care and loss of services arising out of bodily injury, sickness or disease."

The parties certainly never intended that this latter explanatory clause is to be interpreted as meaningless.

In discussing this problem in the case of Bernat v. Socke, supra, where almost identical language was involved in an insurance policy, the Superior Court said, page 516:

"Similar phraseology of this policy has been construed by many courts outside Pennsylvania, and the construction urged by the garnishee has been widely upheld. See *New Amsterdam Casualty Co. v. Hart, 531 Fla. 408, 16 So. 2d 118 (1943); Perkins et al. v. Fireman's Fund Indemnity Co., 44 Cal. App. 2d 427, 112 P. 2d 670 (1941); Ravenswood Hospital v. Maryland Casualty Co., 280 Ill. 103, 117 N. E. 485 (1917); Lacour v. Ferguson, La. App., 6 So. 2d 206 (1942); Gaines v. Standard Acc. Ins. Co., La. App., 32 So. 2d 633 (1947); Pastucha v. Roth, 209 Mich. 1, 287 N. W. 355 (1939); Wilson v. Capital Fire Ins. Co. of Lincoln, 136 Neb. 435, 286 N. W. 331, 332 (1939); Klein v. Liability Assur. Corp., 9 Ohio App. 241 (1918); Putnam v. Employers Liability Assur. Corp., 90 N. H. 74, 4 A. 2d 353 (1939); Thoren v. Hartford Accident In-*

*demnity Co., 300 N. Y. S. 865, 165 Misc. 790 (1937); Rankin v. Travelers Ins. Co., 254 App. Div. 687, 3 N. Y. S. 2d 444 (1938); Chattanooga Dayton Bus Line v. Burney, 160 Tenn. 249, 23 S. W. 2d 669 (1929); and Williams v. Standard Acc. Ins. Co. of Detroit, Mich., 188 F. 2d 206 (1951)."*

This general problem has been carefully briefed by the editors of the American Law Reports in 150 A. L. R. 1154. There, one will find the general law to be stated to the effect that consequential damages, such as loss of consortium, medical and hospital expenses arising out of the wife's injuries, are generally held not to constitute "bodily injuries" to one person. As a result, no recovery can be held for such damages separately if the insured has paid the full amount of the limitation fixed by the policy to the person injured, recovery in any event being limited to the balance between the amount which the insured has paid, either to the insured person or to the one claiming consequential damages, and the amount of the limitation fixed by the policy in the case of "bodily injury" to one person.

Under this reasoning it is generally held that where a wife has sustained injuries by reason of the negligent operation of an insured's automobile and has been paid the full amount limited by an automobile policy in case of "bodily injury" to one person, her husband cannot recover, in addition thereto, for consequential damages on account of loss of consortium, etc., since with reference to those items he has not sustained any "bodily injury" within the meaning of the policy.

As shown by the American Law Report Annotation, the decisions of the States of California, Florida, Louisiana, New Hampshire, New York, Ohio, Pennsylvania, Tennessee and Canada support this view.

The same A. L. R. annotation points out that it would appear that this matter has arisen in more

States when there has not been any accompanying bodily injury to the husband and, in such event, the authorities appear to be unanimous in holding that the consequential damages do not give rise to a claim in excess of the original policy limits for injury to the wife alone. The volume of cases in other jurisdictions so holding, together with the fact that there appears to be no dissent or minority holding under these circumstances, surely indicates that, in general, the courts in the entire country tend to be in accord in their opinion on this problem.

The next matter to consider, and which is precisely the case at bar, constitutes a refinement of the general problem as dealt with at page 1060 of the same A. L. R. annotations, where the editors of A. L. R. have separately compiled those cases which have arisen when there are injuries to both the husband and the wife. From this annotation, one will note that the majority opinion, as expressed by the States of Nebraska, Tennessee, and supported by the Pennsylvania Superior Court in Bernat v. Socke, supra, holds that the policy limitation for injury to one person bars any additional recovery by the husband on account of consequential damages resulting from injuries to the wife.

Thus, in Wilson v. Capital Fire Ins. Co., 136 Neb. 435, 286 N. W. 331, under an automobile policy providing that the liability of the insured for loss from any accident resulting in "bodily injuries to or in death" of one person only was limited to an amount not exceeding $5,000 and that "subject to the same limit for each person, the total liability of the company for loss from any one accident resulting in bodily injuries to or in the death of more than one person is limited to an amount not exceeding Ten Thousand and 00/100 Dollars," where a wife who was injured in the insured's automobile recovered $5,000 for such injuries, which was paid by the insurer, it was held that

her husband *was not entitled to recover* from the insurer on account of a judgment recovered by him for the loss of services and companionship of his wife and medical and other expenses incurred in her treatment.

As the editors of A. L. R. state, the court in the above Nebraska case said, at page 1161:

"Giving the limitation clauses in the instant case their natural meaning, it is apparent that the limit of the Company's liability for injuries to one person is $5,000.00, whether such damages are direct or consequential. In this case there would have been no loss of services, companionship, or expenses incurred on account of Mrs. Heineman but for the injuries she sustained in the accident. Clearly, the item of $3,725.00 represents a loss sustained because of injuries to one person, and having already paid the full limit of its liability on account of damages caused by injuries to that person, the defendant was not liable for the item mentioned." (The item of $3,725 referred to was the judgment which the husband recovered for consequential damages on account of the injury to his wife.)

In the same case, the Nebraska court held that the fact that the husband was also injured would not increase or diminish the consequential damages caused by the injuries to his wife, and that there would be no logical reason for construing the provisions of the policy to mean that if the wife alone had been injured the liability of the insurance company would be limited to $5,000, but since the husband was also injured, even though his damages were only $250, the liability of the insurer for the wife's injuries would be increased beyond the $5,000 limitations. In connection with this case, it is interesting to note that in the case at bar the husband was awarded only $500 on account of both his own personal injuries and his own property damage.

The same conclusion as to interpretation was

reached by the Tennessee court in the case of Yancey v. Utilities Insurance Compnay, 23 Tenn. App. 663, 137 S. W. 2d 318. There, even though the verdict returned was general, the Tennessee court held that the $5,000 paid on the wife's judgment was the full amount of the insurer's liability on account of injuries sustained by her, including all consequential damages, and that the burden of proof was on the husband to show how much, if any, of his judgment was for personal injuries sustained by him, and that having failed to show the amount of the judgment in his favor which would have been within the coverage, he was not entitled to recover on the policy. The Tennessee court most firmly upheld the garnishee's position to the effect that all consequential damages fall within the limitation to be paid to the wife for injuries to one person.

Aided by very able and comprehensive briefs furnished to us by counsel for both parties we have been able to find only three Pennsylvania cases in any way dealing with the problem, and only one of these deals with the precise question directly and disposes of it. These cases are: (1) McClung v. Pennsylvania Taximeter Cab Co., 25 Dist. R. 583, which was affirmed by the Supreme Court at 252 Pa. 478, and supports the garnishee's position, although the precise question at bar was not before the court; (2) Perkoski v. Wilson, supra, which has already been discussed and analyzed above, where, although the question of interpretation came before the court, the Supreme Court nevertheless declined to rule on it and decided the case on the ground of estoppel; and (3) Bernat v. Socke, supra, where the Superior Court had the same precise question before it and in a careful, elaborate opinion adopted the garnishee insurance company's interpretation of practically identical liability policy provisions. We feel bound to the same conclusion in the case at bar.

## 2. *The Procedural Question*

Rule 1034 of the Rules of Civil Procedure provides as follows:

"A. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"B. The Court shall enter such judgment or order as shall be proper on the pleadings."

In ruling on plaintiffs' motion for judgment on the pleadings, the court is not bound to enter judgment in favor of plaintiffs in the amount claimed by them or else refuse the motion. On such a motion, judgment may be entered against either party: Knecht v. Medical Service Association of Pennsylvania, Inc., 186 Pa. Superior Ct. 456. Therefore, it is clear that the court is free to, and in fact should, enter such judgment on the pleadings as the court feels is proper when correctly interpreting the contractual provisions involved. As stated by Goodrich-Amram at page 244 of their notes on rule 1034(*n*)-1 only bare pleadings are before the court on this motion. In the case at bar the pleadings contain all of the essentials necessary for a complete disposition of the case by the court on motion for judgment on the pleadings.

With reference to the garnishee's right to costs and reasonable counsel fees, Goodrich-Amram, in note 10 of rule 3107 relating to execution attachment, states that the garnishee's statutory right to reasonable counsel fees and the imposition of costs follow the foreign attachment practice. In a note on rule 1276 governing costs in foreign attachment proceedings, Goodrich-Amram states that the garnishee is entitled to costs if his contention is successful.

There are several statutes which provide that the garnishee is entitled to counsel fees in addition to the

costs. The two statutory provisions applicable here are as set forth below. 12 PS §2999 states as follows:

"Where, in any attachment execution, or scire facias on foreign attachment, issued out of any court of record in this state, the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee, or in case, without going to trial, the plaintiff shall take judgment against the garnishee, for what shall be so admitted in his plea or answer, then, and in either such case, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee, out of the property in his or their hands, to be determined and taxed in case of dispute, by the court, or by some person appointed for that purpose." (Act of April 2, 1863, P. L. 527.)

Also, in 12 PS §3001, it is provided under the heading, "Garnishee who enters appearance, entitled to counsel fees in addition to costs," as follows:

"Where, in any attachment, attachment execution, foreign attachment, or scire facias or [on] foreign attachment issued out of any court of record in this state, an appearance by attorney shall be, or shall have been entered by any garnishee or garnishees therein each said garnishee so appearing shall be entitled to recover from the plaintiff, in addition to the costs already allowed by law upon any discontinuance or other final disposition thereof, prior to answers filed, a counsel fee of at least ten dollars, to be taxed as part of the costs, and to be determined in case of dispute by the Court." (Act of April 29, 1891, P. L. 35.)

The notes in Purdon's Statutes with reference to these sections indicate that they have not been suspended or affected by the Rules of Civil Procedure

Governing Foreign Attachment. Thus, Purdon's notes state:

"This section, as provided in Rule 1411, is not deemed suspended or affected by Rules 1251-1279 of the Rules of Civil Procedure governing foreign attachment."

The garnishee insists that it has no obligation to pay interest on the amount admitted to be due. No actual tender was ever made by the garnishee to the plaintiffs. Under the facts established in the case, garnishee must pay interest on the amount admitted to be due, $10,500, with costs on the original suit to date. "A tender, in order to be effective, must be for the amount admitted to be due, with the interest thereon to the date of the tender, and, if suit has been brought, with all costs which have accrued up to that time": Englehart v. Cassatt, 305 Pa. 117.

See: 7 Couch on Insurance, §1871, p. 6232.

Entertaining these views, we make the following

### Order

Now, August 9, 1960, upon consideration of plaintiffs' motion for judgment on the pleadings, pursuant to rule 1034(b) of the Rules of Civil Procedure, it is ordered, adjudged and decreed as follows:

1. That Nationwide Mutual Insurance Company, garnishee, pay to plaintiff, Mary Smith, the sum of $10,000, with interest from the date of the verdict;

2. That Nationwide Mutual Insurance Company, garnishee, pay to plaintiff, Howard Smith, the sum of $500, with interest from the date of the verdict;

3. That Nationwide Mutual Insurance Company, garnishee, pay to the prothonotary of the Court of Common Pleas of Beaver County, the record costs in the trespass proceedings at no. 119, September term, 1958; and

4. That plaintiffs pay the record costs in these exe-

cution attachment proceedings, and pay to Nationwide Mutual Insurance Company, garnishee, the sum of $10 as counsel fees, to be paid from the moneys in its possession and to be deducted from the sum to be paid to the plaintiffs under paragraphs 1 and 2 above.

It is further ordered, adjudged and decreed that upon payment of the aforesaid sums to plaintiffs, less the above amount awarded to the garnishee as counsel fees, the said plaintiffs shall receipt the docket in these proceedings for said payment, and upon payment of the record costs at no. 119, September term, 1958, the prothonotary shall receipt the docket for payment of said costs; and immediately thereupon the said garnishee, Nationwide Mutual Insurance Company, shall be relieved from any further liability to the said plaintiffs on account of the liability insurance policy issued by the said garnishee to Carl E. Cassida, defendant. Payment by the garnishee as aforesaid shall constitute complete discharge by said garnishee of all liability toward plaintiffs under the said designated liability insurance policy issued by garnishee to defendant, Carl E. Cassida.

### Supplemental Order

McCREARY, P. J., August 10, 1960.—Since preparing the opinion and order in the above-entitled case it has come to the attention of the court that during the process of preparing the opinion plaintiff, Mary Smith, accepted from the garnishee the sum of $10,000, without interest, in full satisfaction of her judgment of $12,500, and satisfied her said judgment. In view of these circumstances, the garnishee is not to be allowed any counsel fees since, in fact, the garnishee has already received a substantial allowance therefor by not being called upon to pay interest on the judgment of Mary Smith.