Perkoski *v.* Wilson, Appellant.

Argued September 29, 1952. Before STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused November 28, 1952.

*Carmen V. Marinaro,* for individual defendant, appellant.

*Lee C. McCandless,* for insurance company, appellee.

*U. G. Vogan* and *Marshall & Marshall,* for plaintiffs, appellees.

OPINION BY MR. JUSTICE JONES, November 10, 1952:

Blaine P. Wilson, the appellant, was insured by the Farm Bureau Mutual Automobile Insurance Company against liability for damage to others for bodily injury caused by his automobile truck. The limits of the company's liability under the policy were $10,000 for each person injured and $20,000 for each accident. An automobile of one James H. Perkoski having been struck by Wilson's truck, Perkoski and his wife, who were injured in the collision, sued Wilson for damages. Wilson promptly notified the insurance company of the

suit and was informed by a representative that the company had retained a named local attorney to defend him in the action. The trial resulted in general verdicts of $10,000 for the wife-plaintiff and $6,000 for the husband. The defendant, represented by the attorney for the insurance company, moved for a new trial which the court refused on condition that a remittitur be filed for so much of the aggregate of the two verdicts as was in excess of $13,940, leaving it to the plaintiffs to determine which of the verdicts should suffer the pro tanto reduction. The husband filed the required remittitur and the verdict in his favor was reduced from $6,000 to $3,940. A judgment on each of the verdicts was thereupon entered.

Following entry of the judgments, the insurance company, acting by the same attorney as it had represent Wilson, paid into court the full amount of the $10,000 judgment in favor of Mrs. Perkoski with interest and the sum of $769.13 as constituting the total of the items of damage suffered by the husband for which the insurance company conceded liability under its indemnity contract with Wilson. The matter was brought before the court on the insurance company's petition for a complete discharge and release from any further liability on account of the judgment in favor of James Perkoski against Wilson. The court entered a rule on the Perkoskis and Wilson to show cause why the prayer of the insurance company's petition should not be granted. At a hearing on the rule (Wilson for the first time being represented by independent counsel), it was stipulated by the parties that the liability of the insurance company under the policy might be determined by the court with like effect as if an action in assumpsit had been brought by the plaintiffs against the insurance company. While the procedure was not usual, its effect was no different than what it would

have been had a summons in assumpsit been regularly issued and a case stated thereupon submitted or a petition for a declaratory judgment had been filed: see, e.g., *Malley v. American Indemnity Co.*, 297 Pa. 216, 219, 146 A. 571. Having jurisdiction of the subject-matter and of the parties, the court proceeded to a final adjudication of the controversy and entered judgment for the plaintiff, James Perkoski, against the insurance company in the sum of $2,832.50 with costs on account of his judgment against Wilson. Wilson has appealed, contending that the judgment against the insurance company should have been for the full amount of Wilson's liability to Perkoski, viz., $3,940 with interest and costs.

The insurance company argues that the husband's judgment, to the extent it compensated him for his loss of consortium and his wife's services, was a recovery beyond the limits of the policy in that, such damages being consequential to the wife's injury, the company was not liable therefor under the policy inasmuch as the wife-plaintiff recovered the full limit of coverage for injury to herself. Several outside jurisdictions have dealt with the problem but not always favorably to the insurance company's present contention: see 45 C. J. S. §925, p. 1041, and cases there reviewed. The question appears, however, to be one of first impression in this State, and, as it is unnecessary for us to pass upon it presently, we shall leave it without further comment to a time when its resolution will be essential to a decision.

When the company voluntarily undertook the defense of Wilson, in pursuance of its privilege under the policy, it assumed a position of trust and confidence which called for an exercise of the utmost good faith, particularly in view of the possible conflict of interest between the insurer and the insured such as later de-

veloped. It was accordingly incumbent upon the company to inform its policyholder of its prospective adverse interest with respect to the extent of its liability under the terms of the policy. Instead of so doing, however, the company carried on Wilson's defense until final judgments were entered against him. Then, for the first time, it made known to him that it denied liability for a substantial portion of the one judgment, not because either or both of the judgments exceeded the specified money limits of the policy but because of the insurer's contention favorable to itself and detrimental to the interest of its insured. Good conscience and fair dealing required that the company pursue a course that was not advantageous to itself while disadvantageous to its policyholder; and, not having so acted, the company was estopped thereafter to the extent of its liability to the insured on account of the judgment against him in favor of the husband-plaintiff.

In *Malley v. American Indemnity Co.,* cit. supra, which was a declaratory judgment proceeding to determine an insurer's liability to indemnify its insured, the insurance company had appeared and defended the insured in an action against him for damages for personal injuries. After the plaintiff in the trespass action had obtained a verdict against the insured, which the insurance company allowed to become final, the company abandoned the case and claimed that the insured had violated an absolute warranty concerning total ownership of the automobile covered by the policy. The company further asserted that it had no knowledge of the falsity of the statements made by the insured until after the trial of the case. In sustaining a judgment for the insured for the amount of damages paid by him within the monetary limits of the policy, this court held (p. 224) that "Where an insurance company,

under an indemnity contract, takes charge of the defense of an action on which liability rests, it will be estopped from thereafter questioning the claim either because it was beyond the terms of the policy or because the latter was procured by a breach of some warranty: [citing cases]."

Counsel for the insurance company argues that the *Malley* case, supra, is not in point in that, here, the insurer does not deny in toto liability under the policy but seeks merely to exclude certain elements of damage to the husband-plaintiff which allegedly are not indemnifiable under the policy in the light of the wife-plaintiff's full recovery. The *Malley* case is indistinguishable from the present, in principle, so far as the company's partial denial of liability is concerned.

In any event, the company is in no position to raise a question as to the extent of its liability to indemnify the insured on account of the judgment against him in favor of the husband-plaintiff when it failed to apprise the insured of any such contention until after the judgment was entered. Counsel now asserts that, in the company's letter notifying the insured that it had retained an attorney to defend him in the trespass action, it had pointed out the possible desirability of the insured's employment of independent counsel. Plainly enough, what was there suggested in such regard was not said with any reference to a prospective denial of liability to the insured for recoveries within the specified limits of the policy, viz., $10,000 for injury to one person and a total of $20,000 for one accident. Wilson had in fact been sued for damages totalling $35,000. It was the possibility of verdicts against him aggregating more than the policy's limits to which the company's letter to the insured had reference wherein the representative stated,—"I do, however, wish to call your attention to the fact that you

have been sued for an amount greatly in excess of your policy limits. Under the circumstances you may wish to retain personal counsel at your own expense to represent your *uninsured interest* in this suit" (Emphasis supplied). To suggest now that the term, "uninsured interest", was intended to mean any items of damage that the company might later pick out as having gone to make up the verdict and as being unindemnifiable, is disingenuous to say the least.

There is still a further reason why the company is not in position to raise its present contention. As will be recalled, in disposing of the motion for new trial which the company's attorney filed and argued on behalf of the insured, the court required the filing of a remittitur but left it to the plaintiffs to determine between themselves which of the verdicts should suffer the reduction. Counsel for the company, still representing the insured, stood by and permitted the husband-plaintiff to accept the reduction by remittitur without disclosing to him or the insured that, if the remittitur were made applicable to the verdict for the wife-plaintiff, the company would be liable for the full amount of both judgments without question, being then unable to make its contention with respect to the consequential damages allegedly awarded the husband. That is obviously so, for, had the wife-plaintiff suffered the reduction in her verdict, her recovery would have been sufficiently less than the full limit allowable under the policy for injury to one person so as to preclude any basis for the company's present contention.

Finally, there is no way of determining with any degree of certainty whether the jury allowed the husband anything for his loss of consortium and the wife's services. Whatever was allowed in such regard, if anything, was known only to the members of the jury and manifestly cannot now be established. The verdict was

a general one for a flat sum without any itemization. Speculation as to the possible elements of damage that entered into the jury's verdict is not permissible after final judgment has been entered and the rights of the parties have become fixed. As already indicated, the husband too was injured in the collision albeit not seriously. He was entitled not only to direct damages for his injury but also for pain and suffering. To argue that accounting for the verdict on the basis of such elements of damage alone would make the allowance for pain and suffering excessive does not prove that the jury allowed the husband anything for his loss of consortium and the wife's services. As is well known, juries sometimes make excessive allowances for pain and suffering. But, it is now too late for the insurance company to make comparative inquiry into that phase of the jury's verdict.

The judgment entered by the court below is reversed and judgment is here entered for the plaintiff, James H. Perkoski, and against the defendant, Farm Bureau Mutual Automobile Insurance Company, in the sum of $3,940 with interest and costs of suit; the costs on this appeal to be paid by said defendant.