## DeLullo, Admr. v. Erie Insurance Exchange

*A. B. Coppolo*, for plaintiff.

*Gary McQuone* and *John H. Cartwright*, for defendants.

GREINER, P. J., May 3, 1968.—By agreement, the parties waived jury trial and submitted the case to the

court on the pleadings, deposition of Joseph Kreckel taken before the court on March 18, 1968, and written briefs. Thus presented, it is the duty of the court to render verdict upon which judgment may be entered and execution made. Although not so required at this procedural stage, it is felt that it might benefit counsel in the ultimate and speedy disposition of this matter if the court made known its reasoning to sustain its finding in the nature of a "directed verdict".

By the express and clear terms of defendant, Coal Operators Casualty Company's (Coal) policy, the estate of the named insured, Thomas G. DeLullo, is entitled to receive benefits under the terms of the automobile liability insurance policy issued by Coal where the named insured, Thomas G. DeLullo, sustained fatal injuries while his vehicle was being operated by Joseph Kreckel, with the permission of Thomas G. DeLullo. In support of this, we generally accept the authorities set forth in plaintiff's brief in which distinction is noted between *"named* insured" and "insured" in the various policies considered in the cases cited. Joseph Kreckel was an "insured" under Item III (a) as well as under Item I, Bodily Injury Coverage.

With respect to the function of the court to determine the liability of the two defendant insurance companies as to each other, regrettably we feel bound by Speier et ux. v. Ayling, 158 Pa. Superior Ct. 404 (1946), and not by Fox v. Balodis, 33 D. & C. 2d 733, as in the latter case section 1401 of The Vehicle Code of April 29, 1959, P. L. 58 (Financial Responsibility Act), was directly involved, which is not true in the instant case. Thus, although for all practical purposes it appears to be a mere matter of semantics, in accordance with Speier it is our duty to determine the liability of each defendant carrier.

The policy of Erie Insurance Exchange (Erie) containing the "excess" coverage clause does not come into

operation until Coal's policy has been exhausted as other "valid and collectable insurance": Grasberger v. Liebert & Obert, Inc., 335 Pa. 491 (1939). Defendant Coal, accepting this general rule, contends that Erie is not entitled to the policy defense of "excess coverage", as it took charge of the defense of Kreckel and in support thereof cites Malley v. American Indemnity Company, 297 Pa. 216 (1929), and Perkoski v. Wilson, 371 Pa. 553 (1952). We distinguish the latter two cases for the reason that in both the lack of "good conscience" of the insurer was its failure to adequately inform or protect its own insured to the insured's financial detriment. Based on the facts of those cases, the principle relied upon by defendant Coal does not extend to the benefit of Coal in this case.

Coal also denies the effectiveness of Erie's nonwaiver agreement. Although it appears to the court that the timeliness of such nonwaiver agreement is a very narrow question, by reason of rejection of Malley and Perkoski such timeliness is not controlling.

Therefore, in accordance with the foregoing, we enter the following

ORDER

Now, May 3, 1968, the prothonotary is directed to enter a verdict on behalf of plaintiff, Pasquale DeLullo, Administrator of the Estate of Thomas G. DeLullo, Deceased v. defendant Coal Operators Casualty Company, a corporation, in the sum of $10,000, with interest from February 10, 1967, and one-half costs of suit in the case of Pasquale DeLullo, Administrator of the Estate of Thomas G. LeLullo, Deceased, plaintiff v. Joseph Kreckel, defendant, to May term, 1966, no. 154, Court of Common Pleas of Elk County, Pa., and one-half costs of suit to the within term and number and against defendant Erie Insurance Exchange, an unincorporated association, represented by Erie Indemnity Company, a corporation, as its attorney-in-fact in the

sum of $8,650, with interest from February 10, 1967, and one-half costs of suit in the case of Pasquale De-Lullo, Administrator of the Estate of Thomas G. DeLullo, deceased, plaintiff v. Joseph Kreckel, defendant, to May term, 1966, no. 154, in Court of Common Pleas of Elk County, Pa., and one-half costs of suit to the within term and number, plus so much of the verdict against defendant Coal Operators Casualty Company in the sum of $10,000, with interest and costs thereon which is not collected from and paid by said Coal Operators Casualty Company, not to exceed $10,000, plus interest and costs.