## Scigliano v. The Hartford Insurance Group

*John A. Tumolo,* for plaintiff Rocco A. Scigliano.

*John W. McTiernan,* for plaintiffs Kenneth Ross, Rocco A. Scigliano and Joseph Zattola.

*Richard C. Polley,* for defendant The Hartford Insurance Company.

*Joseph J. Bosick,* for defendant Rocco A. Scigliano.

*Robert E. Wayman,* for additional defendant.

WETTICK, *A.J.,* March 21, 1984—In the action at G.D. 82-17827, Rocco A. Scigliano, d/b/a Penn Paving Company (Penn Paving), sued its insurance carrier for reimbursements allegedly due for the cost of repairs which Penn Paving made to property damaged by its excavation work. In the action at G.D. 83-11680, the property owner sued Penn Paving for damages to its property from this excavation work. Penn Paving is represented by Attorney John A. Tumolo in the action at G.D. 82-17827 and by the law firm of Meyer, Darragh, Buckler, Bebenek, and Eck in the action at G.D. 83-11680.

Attorney Tumolo, on behalf of Penn Paving, has filed a petition to consolidate both actions pursuant to Pa.R.C.P. 213. Briefs in opposition to this petition have been filed by, inter alia, the law firm of Meyer-Darragh on behalf of Penn Paving.

This court will not rule on Penn Paving's petition to consolidate the two actions as long as Penn Paving is also opposing the petition. In both actions, counsel has an ethical obligation to represent Penn Paving's interests as expressed by the client. See, generally, Jedwabny v. Philadelphia Transportation Company, 390 Pa. 231, 135 A.2d 252 (1957). This has not occurred in this case, because the positions taken by counsel on behalf of Penn Paving are totally inconsistent. While it may be more beneficial to Penn Paving as plaintiff in the action at G.D. 82-

17827 to have the actions consolidated and as the defendant in the action at G.D. 83-11680 to have the cases tried separately, the question is what position, in the judgment of Penn Paving, will advance its overall interests.

Counsel must be guided by the client's decision. See Ethical Consideration 7-7 which provides that "the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on his lawyer" and Ethical Consideration 7-8 which provides that "[a] lawyer should exercise his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations."

It makes no difference that counsel may have been retained by an insurance carrier to represent Penn Paving. Counsel's duty is to represent the interests of the client. D.R. 7-101(A). In fact, a lawyer may not accept compensation for representing a client from one other than the client unless there is no interference with the lawyer's independence of professional judgment. Rule 1.8(f), ABA Model Rules of Professional Conduct; D.R. 5-105, D.R. 5-107.

The issue of the responsibility of counsel selected by an insurance carrier to the insured was addressed by this court in O'Brien v. Tuttle, 130 P.L.J. 23, 21 D.&C.3d (1982), and Serago v. East Suburban Hospital, 131 P.L.J. 477 (1983). This court held that counsel's first duty is to the insured and, thus, counsel is ethically obligated to protect the interests of the insured over those of the insurance carrier. See D.R. 4-101(B)(2); 5-105(B); Ethical Considerations 4-5 and 4-15; Perkoski v. Wilson, 371 Pa. 553, 92 A.2d 189 (1952); Cowden v. Aetna Casualty

and Surety Company, 389 Pa. 459, 134 A.2d 223 (1957); ABA Informal Opinion 1478.*

For these reasons, we enter the following order of court

## ORDER OF COURT

On this day of March 21, 1984, it is hereby ordered that (1) no action will be taken on Penn Paving Company's petition to consolidate these actions until an affidavit of Penn Paving Company is filed with this court which sets forth whether Penn Paving Company favors or opposes the consolidation of these actions; (2) within 20 days from this date, Penn Paving Company shall file such an affidavit with this court; and (3) after this affidavit is filed, counsel for Penn Paving Company shall file supplemental briefs which respond to the matters raised in this opinion.

---

*Even assuming that the insured is obligated under its agreement with an insurance company to take no action that will adversely affect the defense of the claim and that a request to consolidate the actions violates this contractual obligation, this breach of the insurance agreement would not justify counsel's refusing to abide by the decision of the insured so long as counsel continues to represent the insured. This opinion does not address the issue of whether counsel may withdraw if Penn Paving seeks to take legal steps in the first case that may weaken its defense in the second case or whether Penn Paving's request to consolidate the actions could be a basis for denying coverage.