## Hresko v. Duquesne University

S. *Joseph Schramm*, for plaintiff.
*Stephen R. Milnac*, for defendant.

WEKSELMAN, *J.*, December 26, 1985—This matter is before the court on a motion by defendants for summary judgment and plaintiff's cross-motion for summary judgment.

Plaintiff Robert Hresko is a campus police officer employed by defendant Duquesne University (Duquesne). While on duty on the night of November

25, 1978, plaintiff was informed that Anthony L. Georgevich, a prisoner who was being held in the Pittsburgh Public Safety Building, had escaped and run in the direction of the Duquesne campus. Plaintiff joined with Pittsburgh police in an effort to find and recapture Georgevich. Plaintiff discovered Georgevich in a railroad yard in the vicinity of but not on campus. Georgevich ignored plaintiff's warnings to stop. Plaintiff shot and wounded Georgevich.

Georgevich sued plaintiff and Duquesne for damages for the injuries he suffered in the above-described episode. Duquesne carried a liability policy issued by additional defendant Insurance Company of North America (INA). The policy contained a provision regarding legal defense of claims. The provision stated that "the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury or property damage, even if the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement as it deems expedient . . ." INA denied coverage as to any liability on the part of plaintiff. There were two bases for the denial. First, it asserted that the policy by its terms did not cover incidents such as that complained of. The policy covered "occurrences," occurrence being defined as "an accident . . . which results in personal injury or property damage neither expected nor intended." INA interpreted that language so as to exclude intentional acts such as that engaged in by plaintiff. Second, INA claimed that plaintiff was outside the scope of employment as he was off campus when the incident occurred. It nevertheless offered to provide plaintiff with what it described as a "courtesy defense." It would not admit to any obligation to defend him and would not

agree to pay any judgment rendered against him. Plaintiff declined the offer of defense and obtained his own counsel. The matter was ultimately settled. Damages were paid by INA on behalf of Duquesne. Plaintiff paid no damages.

Plaintiff brought the instant action to recover his expenditures for attorney's fees. The action was originally brought against Duquesne and was later amended to add INA as a defendant. Plaintiff argues that INA did not offer an adequate defense, as it denied agency. That would have been adverse to plaintiff's interests. It would make it unreasonable to expect plaintiff to accept such defense. Defendants argue that plaintiff was offered a defense that would have completely protected his interest without a denial of agency. They argue that the record provides no basis for finding that plaintiff was not offered an adequate defense. On that basis, they move for summary judgment.

The duties of an insurer relating to the defense of a claim have been discussed in prior cases. INA asserted in the policy the right to handle all claims. An insurer who asserts such right stands in a fiduciary relationship toward the insured and is obligated to act in good faith and with due care in representing the insured's interests. Gray v. National Mutual Insurance Co., 422 Pa. 500, 223 A.2d 8 (1966). This obligation is particularly applicable when there is a possible conflict of interest with the insured Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459, 134 A.2d 223 (1957). An insurer who undertakes to defend a claim and does not inform the insured of a potential conflict of interest may not deny coverage after a judgment is rendered against the insured. Perkoski v. Wilson, 371 Pa. 553, 92 A.2d 189 (1952). Insurers who contemplate refusing to

indemnify must inform their insureds so as to allow them to protect their interests and avoid detrimental reliance on indemnity. Nichols v. American Casualty Co., 423 Pa. 480, 225 A.2d 85 (1966). An insurer may undertake to defend a claim under a reservation of rights. If it does so, it is not precluded from thereafter denying coverage. Brignoli v. United National Insurance Co., 284 Pa. Super. 511, 426 A.2d 164 (1980).

In the instant case, the court will not make a finding as to whether INA was required to defend plaintiff. The court does find that having offered a defense, INA assumed the fiduciary relationship in relation to plaintiff that an insurer normally assumes toward an insured. It was obligated to act in good faith and to exercise due care in representing his interests. If INA offered to defend plaintiff on terms such that his interests would have been reasonably represented, it met whatever duty to defend it may have had. That would preclude any recovery by plaintiff. If plaintiff's interests would not have been reasonably represented, he acted properly in securing his own counsel. That would allow him to recover if he could establish a duty to defend on the part of INA.

As has been noted, INA asserted two bases for denying coverage for plaintiff's liability. One was that plaintiff engaged in an intentional act. That does not mean that the defense would have admitted liability, rather that INA would have resisted indemnification on that basis in the event of an adverse verdict. INA's denial of coverage on that basis was not inconsistent with a proper defense.

Additionally, INA denied coverage on the basis of lack of agency. A finding that plaintiff was not an

agent would have resulted in liability against plaintiff alone. A defense involving denial of agency would not have reasonably represented plaintiff's interests. The record shows that while INA denied agency for purposes of insurance coverage, it did not deny agency in the course of the defense of Georgevich's claim. Georgevich's suit was governed by the former rules for actions of trespass, rescinded December 16, 1983, effective July 1, 1984. In order for Duquesne to escape liability as a principal, it would have been necessary that a specific denial of agency be entered. Rescinded Rule of Civil Procedure 1045: Willinger v. Mercy Catholic Medical Center of Southwestern Pennsylvania, Fitzgerald Mercy Division, 241 Pa. Super. 456, 362 A.2d 280 (1976), affirmed 482 Pa. 441, 393 A.2d 1188 (1978). This was not done. Therefore, had the case gone to trial, a denial of agency would have been precluded. As INA would have defended plaintiff without denying agency, the defense offered was adequate to represent plaintiff's interests and to meet whatever obligations INA might have had. The record does not support any other conclusion. Consequently, defendants are entitled to summary judgment as a matter of law.

Defendants' motion for summary judgment will be granted and plaintiff's complaint dismissed with prejudice.

## ORDER OF COURT

And now, this December 26, 1985, plaintiff's motion for summary judgment is denied.

Defendant's motion for summary judgment is granted and the complaint is dismissed with prejudice.